IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

LAZINA KING, *et al.*,

    Plaintiffs,

v.

CALIBER HOME LOANS, INC.,

    Defendant.

Case No.: GJH-16-3489

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This is an action brought by Plaintiffs Lazina and Ria King against Defendant Caliber Home Loans, Inc. ("Caliber"), arising out of the foreclosure and subsequent sale of Plaintiffs' home by Caliber. ECF No. 1 at 3.[1] Plaintiffs allege that Caliber "dual-tracked" their mortgage; that is, at the same time that Caliber was initiating foreclosure proceedings against the Kings, they were also working with the Kings on a loan modification package. Plaintiffs seek $50 million from Caliber under a variety of state and federal legal claims. *Id.* at 10. Presently pending before the Court is Defendant's Motions to Dismiss, ECF No. 4, ECF No. 17.[2] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss is granted.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] Caliber's first Motion to Dismiss, ECF No. 4, was partially granted by the Federal District Court for the District of D.C. and the case was transferred to this jurisdiction. However, as discussed below, that court did not address the substantive issues, which Caliber re-raised in its second Motion to Dismiss, ECF No. 17. To the extent the first Motion to Dismiss is still pending on the docket, the Court addresses both motions together here.

I.  BACKGROUND

**A. Factual Background**

In 1996, Plaintiff Lazina King purchased the home located at 141 N. Huron Drive, Oxon Hill, MD. ECF No. 21 at 3. In May 2007, Ms. King refinanced the mortgage for her home through Beneficial Homeowner Service Corp. ("Beneficial") and added her daughter, Ria King, to the mortgage. *Id.* In March 2013, Lazina King became ill and underwent two emergency surgeries; following these surgeries, the Kings became delinquent on their mortgage payments. *Id.* at 4; ECF No. 17-1 at 3. In February 2014, the Kings' mortgage was transferred to Defendant Caliber Home Loans, Inc. ("Caliber"). ECF No. 21 at 5. A few months later, in April 2014, the Kings requested that Caliber assist them with loan modification, and faxed a list of documents to Caliber on April 9, 2014. ECF No. 1 at 3. Still waiting for a response, in May 2014, the Kings called Caliber to check on the status of their modification application. Caliber told them that their file had been closed, because there was a cease and desist order listed on the Kings' account, and Caliber was unable to contact them.[3] *Id.* Caliber subsequently re-opened the Kings' file, and the Kings submitted additional documents to Caliber. *Id.* at 4. In June 2014, Caliber sent the Kings a letter stating that the Kings' "[a]ccount is currently able to apply for in-house modification, short sale, deed in lieu and repayment plan options." *Id.* However, on July 15, 2014, the Kings were informed that their application was again closed due to the cease and desist order. *Id.* at 6. Again, Caliber re-opened the Kings' file, and requested additional documents, which the Kings faxed to Caliber on July 30, 2014. *Id.* The Kings did not receive a decision on their loan modification, but received a letter dated August 22, 2014, informing them that their house was scheduled to be sold. *Id.*

---

[3] The Kings maintain that they have never sought a cease and desist order against Caliber, nor have they been provided "proof that such order exists." ECF No. 1 at 3.

On June 3, 2014, a foreclosure suit was initiated in the Circuit Court for Prince George's County against the Kings. ECF No. 17-4 at 1. The Kings' house was sold at auction on September 19, 2014, which was subsequently ratified by the Circuit Court on February 26, 2015. *Id.*

### B. Procedural Background

The Kings have raised their allegations and legal claims at every level of the Maryland court system available to them: in the Circuit Court for Prince George's County (the "Circuit Court"), at the Court of Special Appeals, and at the Court of Appeals. The Court briefly summarizes those proceedings.

#### 1. Circuit Court

On September 3, 2014, the Kings submitted a letter to the Circuit Court requesting a hearing to halt the foreclosure proceedings on their property, as Caliber had allegedly been moving forward with the foreclosure proceedings at the same time they were requesting information from the Kings for a loan modification package;[4] the court denied that request on September 16, 2014. *Id.* at 2. Following the sale of their house, on March 25, 2015, the Kings filed another letter in the Circuit Court requesting an appeal from the foreclosure decision. ECF No. 17-6 at 3–4. On April 17, 2015, the Kings filed a Notice of Appeal. ECF No. 17-4 at 4. The Kings filed an emergency motion to stay their eviction order with the Circuit Court on July 24, 2015, and the motion was denied on August 4, 2015 "for failing to state a valid defense or present a meritorious argument." ECF No. 17-4 at 5. On January 20, 2016, the Kings filed another Emergency Motion to Stay with the Circuit Court, alleging the facts stated above. ECF

---

[4] Although the complaint in this case is not a model of clarity, Plaintiffs raise the same allegation here, contending that their house would not have been subjected to "the auction stages of the foreclosure process" were it not for Defendant's "mismanagement" and "perjury" related to the loan modification documents. ECF No. 1 at 9.

3

No. 17-6 at 5. On March 4, 2016, the Circuit Court stayed the case pending the Kings' appeal. ECF No. 17-4 at 6.[5]

### 2. Court of Special Appeals

While continuing to file motions in Circuit Court, the Kings filed a notice of appeal to the Court of Special Appeals on April 16, 2015. ECF No. 17-8 at 5. On September 23, 2015, the Kings filed a brief with the Court of Special Appeals, raising the arguments that they raise here. ECF No. 4-4 at 13. On February 9, 2016, the Court of Special Appeals of Maryland dismissed the Kings' appeal, without reaching the merits of the complaint, concluding that the Kings' notice of appeal was not filed "within thirty days of the order ratifying the foreclosure sale." ECF No. 17-8 at 4–5.

### 3. Court of Appeals

Additionally, on October 21, 2015, the Kings filed a "Motion to Appeal the Denial of the Stay of the Execution of Eviction" with the Maryland Court of Appeals, also raising the same arguments they raise here. ECF No. 4-4 at 1. On November 23, 2015, the Court of Appeals of Maryland denied the Kings' requests. ECF No. 17-7 at 2.

### 4. Present Case

The Kings filed their Complaint in this case in the Federal District Court for the District of Columbia ("D.D.C.") on November 25, 2015. ECF No. 1. Caliber filed a Motion to Dismiss in that case, arguing that (1) the Complaint was barred by *res judicata* and the *Rooker-Feldman* doctrine, (2) venue was improper, and (3) the Complaint failed to state a claim upon which relief could be granted. ECF No. 4. On September 28, 2016, the D.D.C. ruled that venue was improper and ordered the case transferred to this Court. ECF No. 10. The D.D.C. did not reach the remaining merits of Caliber's Motion to Dismiss, *id.* at 11, which Caliber subsequently re-raised

---

[5] Following the Kings' appeal, the Circuit Court lifted the stay on March 22, 2016. ECF No. 17-4 at 7.

before this Court as a renewed Motion to Dismiss. ECF No. 17-1. The Kings opposed Caliber's Motion, ECF No. 20, and Caliber filed a Reply, ECF No. 24.[6]

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

The purpose of Fed. R. Civ. P. 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12 (b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all

---

[6] Also pending on the docket is Caliber's Motion for Extension of Time to file their Reply, ECF No. 22, and the Kings' Motion to Strike that Reply, ECF No. 25. Caliber's Reply was initially due on or before December 30, 2016, but Caliber requested an extension on December 29, 2016, asking for more time given "the intervening Christmas and New Year's holidays, the fact that no scheduling order has been entered, and that neither party will be prejudiced . . . ." ECF No. 22 at 2. In their Motion to Strike Caliber's Reply, the Kings argue that there was no extension given to Caliber at the time they filed their Reply, and that the Court should strike the reply as non-compliant with this Court's rules. ECF No. 25 at 2. The Court will grant Caliber's Motion for Extension, and deny the Kings' Motion to Strike. Given the timing of filings (with Christmas and New Year's intervening), and the fact that the Kings do not allege any prejudice, the Court finds that good cause existed to grant an extension. However, the Court notes that Caliber's Reply merely reiterated their previous arguments regarding the doctrine of *res judicata*. Thus, even if the Court granted the Kings' Motion to Strike, the holding of this opinion would be the same.

reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Because the Kings are self-represented, their filings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the Court must also abide by its "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2002) (internal citations omitted).

Accepting the facts as alleged in the Complaint as true, *see Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011), when reviewing a motion to dismiss, the Court "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013). The Court may take judicial notice of state court documents pursuant to Fed. R. Evid. 201 and 803(8)(a)(l). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). Specifically, in considering a *res judicata* defense at the motion to dismiss stage, a court may consider the "documents from the underlying case." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("Although an affirmative defense such as *res judicata* may be raised under Rule

12(b)(6) only if it clearly appears on the face of the complaint, when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact."); *Lara v. Suntrust Mortgage Inc.*, No DKC-16-0145, 2016 WL 3753155, at *1 n.1, *6 (D. Md. July 14, 2016) (considering "relevant documentation regarding the Property and the foreclosure proceeding and sale" attached by Defendants to a motion to dismiss to substantiate a claim of *res judicata*).

### III. DISCUSSION

In their pending Motion to Dismiss, Caliber argues that the Kings' Complaint must be dismissed because: (1) it is barred by *res judicata* and the *Rooker-Feldman* doctrines; (2) the Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 8(a) and 12(b)(6); (3) Plaintiff Ria King does not have standing; (4) the claims for violation of the Truth-in-Lending Act and the Fair Debt Collection Practices Act are time-barred; and, (5) Plaintiffs' claim for negligence fails because Caliber does not owe them a duty of care. ECF No. 17-1 at 1–2. The Court agrees that the Kings' claims are barred by the doctrine of *res judicata*, and therefore grants the Motion to Dismiss on that basis. *See McMillan v. Bierman, Geesing, Ward & Wood LLC*, No. WMN-11-2048, 2012 WL 425823, *5 n.6 (D. Md. Feb. 8, 2012) ("As the doctrine of res judicata operates to bar all claims, the Court need not address the applicability of these [other] defenses.").

*Res judicata* is an affirmative defense, which usually does not offer resolution at the motion-to-dismiss stage. *See* Fed. R. Civ. P. 8(c)(1); *see also Georgia Pac. Consumer Prod., LP v. Von Drehle Corp.*, 710 F.3d 527, 533 (4th Cir. 2013). However, if "facts sufficient to rule on

an affirmative defense are alleged in the complaint" or in documents attached to the complaint, the Court may reach the issue. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

*Res judicata* prohibits the relitigation of matters previously litigated, as well as those claims that could have been asserted and litigated in the original suit. *Anyanwutaku v. Fleet Mort. Group*, 85 F.Supp.2d 566, 570 (D. Md. 2000). "The doctrine was designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–162 (4th Cir.2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). When considering the preclusive effect of a prior state judgment under *res judicata*, federal courts apply that state's law as "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In Maryland, *res judicata* requires that "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined, or that which could have been raised and determined, in prior litigation; and (3) there has been a final judgment on the merits." *McMillan*, 2012 WL 425823 at *3 (citing *R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (Md.2008)).

The case of *McMillian v. Bierman, Geesing, Ward & Wood LLC*, cited by Caliber in its Motion to Dismiss, ECF No. 17-1 at 10, is directly on point, and instructive here. *Id.* In that case, the plaintiff's house was foreclosed by the defendants, sold at auction, and ratified in the Circuit Court of Baltimore County. *Id.* at *1. The plaintiff filed several motions with the Circuit Court to stay her eviction, with no success. *Id.* The plaintiff subsequently filed a complaint in this court, alleging violations of the Fair Debt Collection Practices Act, and several Maryland state

consumer protection statutes. *Id.* The defendants moved to dismiss the complaint on the grounds that it was barred by *res judicata*, as the claims had been (or could have been) raised in the Circuit Court suit. *Id.* at *3. The court agreed, reasoning that the plaintiff had "vigorously opposed the foreclosure" in the Circuit Court, and even "attempted to file an appeal with the Maryland Court of Special Appeals, but the appeal was dismissed because it was not timely filed." *Id.* at *3. The court found that each of the elements for *res judicata* was met as: (1) "the parties are the same as, or in privity with, the parties in the foreclosure action," *id.* at *4; (2) "the causes of action in this case all relate to actions allegedly taken by the [d]efendants with respect to the foreclosure" and that the plaintiff had "raised some of these issues in the Opposition to Ratification she filed in the Circuit Court," *id.* at *4; and, (3) "the foreclosure proceeding is indisputably a final judgment on the merits of the foreclosure" as the plaintiff "filed exceptions, was afforded multiple hearings, and appealed her case to the Court of Special Appeals," *id.* at *3. The court further explained that even claims that were not raised in the foreclosure proceeding were barred by *res judicata*, as "Maryland has adopted a 'transaction test' for use in determining what constitutes the same claim for res judicata purposes." *Id.* at *4 (quoting *Kent County Bd. Of Educ. V. Bilbrough*, 525 A.2d 232 (Md. 1987)). Under this test, claims that arise out of the same transaction are considered part of the same cause of action. *Id.* "In determining whether the causes of action stem from the same transaction or series of connected transactions, courts consider such pragmatic factors as 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000) (quoting Restatement (Second) of Judgments § 24(2) (1982)). In *McMillan*, the court found that the consumer protection claims

brought against the foreclosing defendants were part of the same transaction, as they all arose out of the defendants' conduct leading up to the foreclosure. *McMillan*, 2012 WL 425823 at *5.

Here, as in *McMillan*, the Kings vigorously opposed the foreclosure proceedings on their property by submitting multiple filings with the Circuit Court, the Court of Special Appeals, and the Maryland Court of Appeals,[7] and raising the same arguments they raise here. As in *McMillan*, there was a final decision by a state court regarding the Kings' foreclosure and subsequent eviction, the parties were the same or in privity, and the claims being brought here arise out of the same transaction (the actions by Caliber leading up to and including the foreclosure of the Kings' home).

The Kings argue that the claims being brought here "could [not] have been brought in the foreclosure case" as those claims were not ripe because they had not yet "lost the property." *Id.* at 11. Notwithstanding the possibility that the Kings may have suffered additional damages since the filing of the state actions, the legal issues have remained the same. The Court finds that the claims brought here arise out of the same transaction as the foreclosure proceedings, and state the same allegations. As such, the Kings' claims are barred by the doctrine of *res judicata*, and will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motions to Dismiss, ECF No. 4, ECF No. 17, is granted. The Defendant's Motion for Extension of Time to File Response/Reply, ECF No. 22, is also granted, and the Plaintiffs' Emergency Motion to Strike the Defendant's Reply, ECF No. 25, is denied. A separate Order shall issue.

Date: September 27, 2017

GEORGE J. HAZEL
United States District Judge

---

[7] In *McMillan*, the plaintiff did not seek review by the Court of Appeals.

10