FILED HE ENTERED
LODGED RECEIVED
FEB 23 2018
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY              DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

LAZINA KING, *et al.*,

    Plaintiffs,

v.

CALIBER HOME LOANS, INC.,

    Defendant.

Case No.: GJH-16-3489

## MEMORANDUM OPINION

On September 22, 2017, the Court granted Defendant Caliber Home Loans, Inc.'s Motion to Dismiss, closing Plaintiffs Lazina and Ria King's ("Plaintiffs" or "the Kings") action which arose out of the foreclosure and subsequent sale of Plaintiffs' home by Caliber. ECF No. 26. Plaintiffs have since filed a Motion to Reconsider the Granting of the Defendants' Motion to Dismiss, ECF No. 28, which Defendant has opposed, ECF No. 30. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Reconsider is denied.

## I. BACKGROUND[1]

The Court thoroughly addressed the factual and procedural background of this case in its September Memorandum Opinion. ECF No. 26 at 2–5.[2] The Kings became delinquent on their mortgage in 2013, and in 2014 the mortgage was transferred to Caliber. ECF No. 21 at 4–5. In April 2014, the Kings requested that Caliber assist them with loan modification, and faxed a list

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

of documents to Caliber on April 9, 2014. ECF No. 1 at 3. Over the following months, the Kings would send Caliber documentation to start the loan modification process. ECF No. 1 at 3. When the Kings called to inquire about the status of the modification, they were informed that Caliber had closed the Kings' file because of a purported cease and desist order listed on the Kings' account, preventing Caliber from contacting the Kings; the file was later reopened. ECF No. 1 at 3–4. The Kings did not receive a decision on their loan modification, and their house was sold at auction on September 19, 2014.

The Kings subsequently sent multiple letters and filed an emergency motion to the Circuit Court requesting a hearing to halt the foreclosure proceedings on their property, as Caliber had allegedly "dual tracked" them; that is, had been moving forward with the foreclosure proceedings at the same time they were requesting information from the Kings for a loan modification package. ECF No. 17-4 at 2. The Circuit Court denied these letters and motions. *See* ECF No. 14-4 at 5. The Kings appealed their matter to the Court of Special Appeals, again arguing that Caliber had dual tracked them. ECF No. 4-4 at 13. On February 9, 2016, the Court of Special Appeals of Maryland dismissed the Kings' appeal, without reaching the merits of the complaint, concluding that the Kings' notice of appeal was not filed "within thirty days of the order ratifying the foreclosure sale." ECF No. 17-8 at 4–5. The Kings also filed a "Motion to Appeal the Denial of the Stay of the Execution of Eviction" with the Maryland Court of Appeals, raising the same arguments they raise here. ECF No. 4-4 at 1. On November 23, 2015, the Court of Appeals of Maryland denied the Kings' requests. ECF No. 17-7 at 2.

The Kings filed their Complaint in this case in the Federal District Court for the District of Columbia ("D.D.C.") on November 25, 2015. ECF No. 1. Caliber filed a Motion to Dismiss in that case, arguing that (1) the Complaint was barred by *res judicata* and the *Rooker-Feldman*

doctrine, (2) venue was improper, and (3) the Complaint failed to state a claim upon which relief could be granted. ECF No. 4. On September 28, 2016, the D.D.C. ruled that venue was improper and ordered the case transferred to this Court. ECF No. 10. The D.D.C. did not reach the remaining merits of Caliber's Motion to Dismiss, *id.* at 11, which Caliber subsequently re-raised before this Court as a renewed Motion to Dismiss. ECF No. 17-1. In its September 22, 2017 Order and Memorandum Opinion, the Court granted Caliber's Motion to Dismiss, reasoning that the Kings' claims were barred by *res judicata*, as the claims "arise out of the same transaction as the [state] foreclosure proceedings, and state the same allegations." ECF No. 26 at 10. On September 27, 2017, the Kings filed the now-pending Motion to Reconsider the Granting of the Defendants' Motion to Dismiss, ECF No. 28, which Caliber opposed, ECF No. 30.

## II. STANDARD OF REVIEW

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). *See also Sanders v. Prince George's Public School System*, No. RWT 08-cv-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011) (a motion for reconsideration is "not the proper place to relitigate a case after the court

has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request"). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

This Court has noted that "[n]either Rule 59(e), nor Local Rule 105.10 (providing the deadline for a motion for reconsideration), contains a standard for the application of Rule 59(e) and the Fourth Circuit has not identified such a standard." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 320 (D. Md.), *aff'd*, 584 F. App'x 135 (4th Cir. 2014). Thus, this Court has previously looked to the "widely cited case" of *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D.Va.1983), for its reasoning that a "motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bey*, 997 F. Supp. 2d. at 320.

### III. DISCUSSION

In their Memorandum in Support of Plaintiffs' Motion to Reconsider, the Kings argue that their case is not barred by *res judicata*, and that the Court erroneously relied on case law that predates "the Consumer Financial Protection Board 2013 enactment of the Dodd-Frank Wall Street Reform and Consumer Protection Act." ECF No. 28-1 at 4.[3] The Kings additionally raise many of the same arguments that they made in response to Caliber's Motion to Dismiss, arguing that they had not suffered all of their damages at the foreclosure proceeding, and that certain claims were not ripe at that time. ECF No. 28-1. The Court expressly rejected these arguments in

---

[3] The Court takes judicial notice of the fact that Dodd-Frank was enacted in 2010. *See* "H.R.4173 - Dodd-Frank Wall Street Reform and Consumer Protection Act," Congress.gov, https://www.congress.gov/bill/111th-congress/house-bill/4173/text (last accessed Feb. 2, 2018). The Court interprets Plaintiffs' Memorandum as referring to the Consumer Financial Protection Bureau's January 2013 issuance of rules restricting dual tracking, which were issued under the authority delegated by Dodd-Frank. *See* "CFPB Rules Establish Strong Protections for Homeowners Facing Foreclosure," ConsumerFinance.gov, https://www.consumerfinance.gov/about-us/newsroom/consumer-financial-protection-bureau-rules-establish-strong-protections-for-homeowners-facing-foreclosure/ (last accessed Feb. 2, 2018).

4

its September Opinion. *See* ECF No. 26 at 10. The Kings further argue that *McMillian v. Bierman, Geesing, Ward & Wood LLC*, No. WMN-11-2048, 2012 WL 425823 (D. Md. Feb. 8, 2012), cited by Caliber in its Motion to Dismiss, ECF No. 17-1 at 10, and by the Court in its Opinion, ECF No. 26 at 8–10, is inapplicable because it was decided before "the Consumer Financial Protection Board 2013 enactment of the Dodd-Frank Wall Street Reform and Consumer Protection Act." ECF No. 28-1 at 4. The Kings' position is that "the case law used to decide this motion to dismiss is outdated at best." *Id.* at 6. The Kings finally argue that "preclusion is inappropriate where, as he[re], the underlying judgment was fraudulently procured." *Id.*

In opposition, Caliber argues that "Plaintiffs fail to offer any case law or argument to show that this holding was clear error," and that *res judicata* is appropriate here because "Plaintiffs claim was fully adjudicated and rejected in the foreclosure case." ECF No. 30 at 3. Additionally, Caliber argues that *McMillan* is not "outdated" precedent, as asserted by Plaintiffs, because "the issue in both this case and *McMillan* is whether *res judicata* is a bar to a subsequent action where the claims asserted therein were raised or could have been raised in a prior foreclosure." *Id.* at 4.

Plaintiffs have not articulated any intervening change in law or new evidence. Instead, they largely raise the same arguments raised previously (that their claims were not ripe during the foreclosure proceedings), and assert the new argument that *McMillan* is "outdated" because it was decided prior to Dodd-Frank. To the extent that Plaintiffs raise the same arguments regarding ripeness, the Court reiterates that a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Sanders*, 2011 WL 4443441, at *1. Regarding

5

Plaintiffs' point about *McMillan*, the fact that it was decided prior to the enactment of Dodd-Frank is irrelevant. The Court did not cite *McMillan* in its September Order for any proposition regarding the underlying law of Plaintiffs' claims; rather, the Court relied on *McMillan* as a similar case involving *res judicata* where "there was a final decision by a state court regarding the [plaintiffs'] foreclosure and subsequent eviction, the parties were the same or in privity, and the claims being brought [arose] out of the same transaction." ECF No. 26 at 10. The fact that the CFPB's dual-tracking rules had not been issued at the time of *McMillan* does not change the Court's analysis. As in *McMillan*—albeit involving a different underlying claim—here too, the claims brought arise out of the same transaction as the foreclosure proceedings, and state the same allegations. Plaintiffs have not shown that the Court made a clear error of law in its September Order, that there are new facts that should be considered, or that the Court patently misunderstood the Plaintiffs' argument. As such, the Court denies Plaintiffs' Motion to Reconsider.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Reconsider the Granting of the Defendants' Motion to Dismiss, ECF No. 28, is denied. A separate Order shall issue.

Date: February 22, 2018

GEORGE J. HAZEL
United States District Judge